

General Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

__Tammy Boughman__

Case Number: 6:17cv326 RWS/KNM

List the full name of each plaintiff in this action.

VS.

__City of Elkhart Tx.__

List the full name of each defendant in this action.
Do not use "et al".

Attach additional pages if necessary.

I.  ATTEMPT TO SECURE COUNSEL:

   Please answer the following concerning your attempt to secure counsel.

   A.  In the preparation of this suit, I have attempted to secure the aid of an attorney as follows: (circle one)

      (1.) Employ Counsel
      2.  Court - Appointed Counsel
      3.  Lawyer Referral Service of the State Bar of Texas,
          P. O. Box 12487, Austin, Texas 78711.

   B.  List the name(s) and address(es) of the attorney(s):

      James Hawkins 606 E Crawford Palestine TX 75801
      William Cowan Tyler Tx.
      Hersha Crawford Tyler Tx

C. Results of the conference with counsel:

No conferences where given at all. Contacted over 20 attorneys with no conferences.

II. List previous lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action or any other incidents? ____Yes  ✓ No

B. If your answer to "A" is "yes", describe the lawsuit in the space below. If there is more than one lawsuit, attach a separate piece of paper describing each.

1. Approximate file date of lawsuit: _____

2. Parties to previous lawsuit(s):

Plaintiff _____

Defendant _____

Attach a separate piece of paper for additional plaintiffs or defendants.

3. Identify the court the lawsuit was filed. If federal, name the district. If state, name the county.

_____

4. Docket number in other court. _____

5. Name of judge to whom the case was assigned.

_____

6. Disposition: Was the case dismissed, appealed or still pending?

_____

7. Approximate date of disposition. _____

III. Parties to this suit:

    A. List the full name and address of each plaintiff:

    Pla #1 Tammy Baughman - 505 N. Hwy 287 Elkhart TX 75839

    Pla #2 _____

    B. List the full name of each defendant, their official position, place of employment and full mailing address.

    Dft #1: City of Elkhart 110 Parker St. Elkhart Texas 75839

    Dft #2: _____

    Dft #3 _____

Attach a separate sheet for additional parties.

VI. Statement of claim:

Plaintiff is a 60 year old woman who suffers from failed back surgery, fibromyalgia, depression and other health issues. Plaintiff was declared disabled in 2012 and receives social security disability insurance. Plaintiff is divorced with one adult daughter. Plaintiff worked as an office manager for years and a correctional officer for 13 years at TDCJ.

Plaintiff owns a seven pound ring tail lemur named Keanu for 7 years. Plaintiff's daughter rescued the lemur when he was 2 months old. Keanu has been plaintiff's emotional support and assistance animal up until the day plaintiff had to remove him from her home in 2016. Keanu assists plaintiff in a unique way. Without sleep medication plaintiff only sleeps 3 to 4 hours a night due to severe pain in her back and legs. This would cause severe fatigue and pain during the day. Impacting plaintiff's quality of life. Plaintiff takes sleep aids to help her sleep for longer periods but she sleeps heavy and is not able to adjust her body when her pain in her back and legs increase. This causes plaintiff to go into a horrific nightmare. Ex. She dreams she falls off a horse and is being drug by her legs and being kicked by the horse. When plaintiff wakes up her anxiety level is high and she cannot return to sleep. Keanu slept in plaintiff's bedroom and at a young age would hear plaintiff's moaning when her pain started to increase and he would start licking and even scrapping her face with his teeth to wake her up. Plaintiff was able to return to sleep after adjusting her body into a different position. Being able to get more sleep lessens plaintiff's pain and improves her quality of life.

On December 5, 2012 Keanu bit rural mail carrier Marla Reeves, leaving two small lacerations, one on her right hand and one on her right wrist. Ms Reeves received two butterfly stitches. This took place in Houston County Texas in front of plaintiff's home. Keanu was in quarantine for 30 days and was returned to plaintiff with no hearing or restrictions. In December 2014, plaintiff moved to the City of Elkhart due to health reasons. Thirty months after the incident with the mail carrier on June 25, 2015, Keanu bit Lucinda Washington on her left forearm in the plaintiff's front room of her house, leaving a small laceration. Mrs. Washington received 4 to 6 stitches. Keanu was in home quarantine for 30 days and was release from quarantine with no hearing or restrictions.   See Attachment A, TWFC Determination, pages 8, 9, and first paragraph of 10

Complaint 1

City of Elkhart Texas violated plaintiff's rights under the 14th Amendment, procedural due process in not giving a hearing to plaintiff who clearly has a protected right. A hearing where she is entitled to defend her lemur's actions showing her lemur was provoked on both occasions with proof. To bring witnesses to testify on her lemur's behavior. To be heard by an impartial judge. Three out of five council members have a familial connection, Councilman Billy Jack Wright, Councilman Chris Sheridan and Mayor Mike Gordon, also the city secretary Carla Sheridan. There is a witness that will testify he has knowledge that the familial connection influenced the decisions the city council were making and are still making.

On October 5, 2015 council members held council meeting to discuss impart, revising their animal ordinance to include banning all non-human primates from the city making the ordinance retroactive.

On October 20, 2015 Council Meeting, Plaintiff attempted to defend her lemurs actions, talking briefly how she obtained her lemur and tried to explain he was not vicious. She talked about the incident with the mail carrier and said she felt her lemur was provoked and she had proof she could show. Plaintiff was allowed to speak for a very short period of time before council members started giving their thoughts on the matter.

October 26, 2015 plaintiff requested a reasonable accommodation by letter from the city.

November 2, 2015 city council meeting, Mayor pro tem Andrew Chavarillia only wanted to know plaintiff's plan to remove her lemur from the city and that was it. Plaintiff asked for time to get her documentation in on her reasonable request. Council gave her 30 days.

November 20, 2015 city council meeting, council discussed if they had an enforceable ordinance. Council members read from HUD and ADA guidelines. The council felt they had an enforceable ordinance and denied plaintiff's request for a reasonable accommodation.

On or about December 5, 2015 plaintiff filed a complaint with HUD, Hud accepted the complaint and turned it over to the Texas Workforce Commission to investigate. Miss Shalonda Innis was the investigator for the TWFC.

On April 1, 2016 a meeting was held for plaintiff to discuss only the proposed changes she

would make to keep her lemur away from the public. Attending at this meeting was the plaintiff, mayor pro tem Mike Gordon, city secretary Carla Sheridan. The meeting was audio taped by the city. Before attending the meeting was set up by Sholanda Innis and she told Miss Baughman to discuss proposed changes only.

Plaintiff does not know the laws or regulations a city goes by and neither would any other regular citizen. The city should be held accountable for not informing plaintiff that she could bring witnesses to a council meeting if the city does not provide relief for a hearing in their ordinances. Plaintiff was only told she could come and speak to the council.

Complaint 2

See Attachment A   TWFC determination

42 U.S. Code 3613-- Enforcement by Private Persons

On or about April 4, 2016 City of Elkhart denied plaintiff's reasonable accommodations in keeping her lemur known as Keanu. In December 2015, plaintiff turned in a complaint to HUD. In her complaint giving full disclosure to the history of her lemur. HUD reviewed the complaint, accepted it and turned the complaint over to the Texas Workforce Commission to investigate. Under HUD guidance it states: A reasonable accommodation can be denied if the animal is a direct threat that cannot be reduced or eliminated. HUD also states: A determination that an assistance animal poses a direct threat of harm to others must be based on an individual assessment, severity of attack, duration of attack, length of time between attacks. What changes can be made to reduce or eliminate the threat. The City showed their bias intentions by not giving the plaintiff a hearing, having the Anderson County DA Allison Mitchell come to a council meeting to discuss how the city can remove the lemur and in February 2016, make it public the city was issuing plaintiff a summons for being in violation of the ordinance before the meeting with the plaintiff to discuss changes she would make on April 1st. The courts has put the burden of proof on the city to show

> 1. Proof that the accommodation offered by the person with a disability is unreasonable.
>
> 2. Proof that no accommodation exists that will minimize the risk of the direct threat.

The TWFC asked the city for no assessment or proof of why the plaintiff's proposed changes would not reduce or eliminate the direct threat when in fact since the first attack on the mail carrier back in December 2012, There is no evidence of any kind of plaintiff's lemur having ever been loose outside her home or his outdoor pen in Houston or Anderson County. The incident where the lemur bit in Anderson County June 2014 was not a result of plaintiffs neglect or carelessness it was a result of equipment failure in where a lock on an inside door gave from pressure being applied by a large dog. A door where the plaintiff had reasonable belief to feel was able to secure her lemur from the public. Plaintiff made the proposal to the city that she would not only double the locks inside and out of her home but she would build and install a double door system like a sally port where when one door was open the other door had to be closed to insure no such accidents happen again. Plaintiff also installed a large steel cage in her home to lock the lemur in when anyone other than herself or her daughter needed to be in the home. These were just part of the changes plaintiff proposed. The city in their response to TWFC took her proposed changes and made them sound insignificant and did not fully write what plaintiff proposed. This meeting was audio taped by the city and plaintiff has not been given a copy of this yet but will be requesting it. The cities responses to the TWFC were vague and left a lot of facts out. The TWFC never gave the plaintiff n opportunity to defend or clarify those responses. With all due respect to the TWFC, they did not take plaintiffs complaint serious and accepted what the city said without hesitation or question. In truth if HUD's policy was to accept the cities denial as it stood than why did HUD accept the complaint after plaintiff disclosed in her complaint that her animal had a history of biting.

Complaint 3

14th Amendment Equal Protection , Harassment

On October 5th 2015, the City of Elkhart voted to revise and draft their ordinance #112-081307 to ban all nonhuman primates from the city in doing so that ordinance became #112-081307-1. According to the local government rules of the state of Texas each ordinance is given a number. Listed under the ordinance are the provisions of the ordinance. Under ordinance #112-081307-1 the city has given no warnings or citations to any other citizen of Elkhart even though there are citizens of Elkhart blatantly in violation of other provisions of said ordinance.

After the findings of the TWFC, plaintiff called the city office and spoke to city secretary Carla Sheridan telling her plaintiff would have the lemur removed from the city within two days. The city has never denied the plaintiff did so. At no time during the talks with the city did any council member or employee of the City of Elkhart say to plaintiff that proof would be required that lemur was not in her home or that she had to prove where she took the lemur. On or about May 5 2016, Code Enforcement officer Mr BJ Perry and Anderson County Deputy Jimmy Chambers came to plaintiffs residence telling her she had to prove where the lemur was. Due to the notoriety of the lemur case, it was listed as top ten news, in the local newspaper, Plaintiff would not disclose the location of the lemur. Mr Perry and Deputy Chambers than insisted on searching plaintiff's home. Plaintiff refused to let them in, stating due to her depression and anxiety escalating during since the new ordinance was passed her home had suffered from it and she could not handle the humiliation of them searching her home. Mr. Perry then issued a citation to plaintiff. Plaintiff went to city court pro-se, she could not afford one, where she was found guilty even though the city had no evidence of the lemur being in her home. Plaintiff appealed the decision to the county level. The County DA office made a motion to the county judge to dismiss the case due to lack of evidence and the county judge granted the motion. On May 5, 2016 plaintiff requested open records of the city, than found out the council had put her case on the agenda to be discussed. Plaintiff went to the council meeting on May 16, 2016 and video recorded the council discussing the decision and talking about getting a search warrant even though clearly on the video Mr. Perry admitted to no knew evidence and that he did not know where the lemur was. Plaintiff feels the city is harassing her without any evidence that she knew they could not have any because the lemur had been moved in April 2016. This harassment has caused plaintiff's depression and anxiety to escalate to the point of causing plaintiff's chronic pain to increase in severity.   The opens record request plaintiff made on May the 5th, was in part for city council minutes from April 2015 to April 2016, the city complied with the request, but the minutes were given to Ms Baughman were printed back and front but the front of some minutes were printed on the backs of minutes out of sequence. Exp. A page from October 20, 2015 council meeting minutes was printed on the back of the third page of December 2, 2015 minutes.

V.   Relief: State Briefly exactly what you want the court to do for you.  Make no legal arguments and do not cite cases or statutes.  Attach additional pages if necessary.

To be ~~desid~~ decided at a later date to confer with an attorney

Signed this  May 29  day of  May  , 20 17 .
                                (Month)              (Year)

*Larry Baughn*

I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: _____
                     Date

*Larry Baughn*

Signature of each plaintiff

Tammy Brushman
305 N Highway 287
Elkhart Tx 75839

C16

East Texas District Court
211 West Ferguson
Room 106
Tyler, Texas 75702





U.S. POSTAGE PAID
ELKHART, TX 75839
MAY 30, 17
AMOUNT $2.24
R2305E123979-01