IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| TAMMY BAUGHMAN | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO. 6:17-CV-326 |
| | § | |
| CITY OF ELKHART, TX, *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants City of Elkhart, Texas, Mike Gordon, Billy Jack Wright, Chris Sheridan, Beverly Anderson, and Carla Sheridan's Motion for Summary Judgment (ECF 51). The case was transferred to the undersigned with the consent of the parties in accordance with 28 U.S.C. § 636. For the reasons set forth below, the Court **GRANTS** the motion for summary judgment.

## BACKGROUND

Plaintiff Tammy Baughman, proceeding *pro se* and *in forma pauperis*, filed this case on May 31, 2017 seeking relief pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3613. Pursuant to the Amended Complaint filed on August 2, 2017, the named defendants are City of Elkhart, Texas, Mike Gordon, Billy Jack Wright, Chris Sheridan, Beverly Anderson and Carla Sheridan.

In her Amended Complaint, Plaintiff asserts that she is disabled as a result of failed back surgery, fibromyalgia, depression and other health issues. She states that she has owned a seven pound ring tail lemur for seven years. Plaintiff submits that the lemur is an emotional support and

1

assistance animal that improves her quality of life. Plaintiff states that the lemur bit a rural mail carrier on December 5, 2012, leaving lacerations on the carrier's hand and wrist. Plaintiff alleges that the lemur was then quarantined for thirty days and returned to her. Plaintiff later moved to Elkhart, Texas, in December 2014. She submits that the lemur bit another individual on June 25, 2015. The lemur was again quarantined for thirty days and returned to Plaintiff.

Plaintiff states that the City of Elkhart enacted an ordinance on October 5, 2015—ordinance 112-081307—that bans all non-human primates from the city. Plaintiff submits that she sought an accommodation from the City to keep the lemur as an emotional support animal but it was denied on April 4, 2016. Plaintiff alleges that Defendants Mike Gordon, Mayor Pro Tem, and City Council members Billy Jack Wright, Chris Sheridan and Beverly Anderson "showed deliberate indifference in refusing to give [her] a hearing to defend her lemur" in violation of the FHAA and the ADA. Plaintiff asserts that she called and spoke to Defendant Carla Sheridan, City Secretary, and told Sheridan that she would remove the lemur within two days. Plaintiff alleges that Code Enforcement officers came to her home on May 5, 2016 and asked to search her home when she would not tell them where she took the lemur. Plaintiff refused and was allegedly issued a citation. Plaintiff states that the citation was ultimately dismissed.

On February 15, 2018, Defendants filed a Motion for Summary Judgment (ECF 51) seeking dismissal of all claims asserted by Plaintiff. Defendants assert that Plaintiff lives in a home in Elkhart and that she also operates a small retail resale shop out of her home. Prior to moving to Elkhart, Plaintiff's lemur was involved in two documented attacks on humans in Houston County, Texas, that resulted in injuries and periods of quarantine. One attack was on a mail carrier and another attack was on Plaintiff's son-in-law.

After Plaintiff moved to Elkhart, an incident occurred on June 25, 2015 where the lemur jumped on Lucinda Washington, a customer in Plaintiff's store, and injured Ms. Washington's arm. Ms. Washington required stitches. She complained about the incident to the Anderson County Sheriff's Department. Deputy Jimmy Chambers from the Sheriff's Department investigated and determined that the lemur had been involved in previous attacks on humans. His investigation included talking to Plaintiff about the incident and about her lemur. Deputy Chambers notified Plaintiff that he would file paperwork in an effort to deem the lemur as "dangerous" pursuant to TEX. HEALTH & SAFETY CODE § 822.041. The lemur was quarantined to check for signs of rabies and Deputy Chambers reported Ms. Washington's complaint to the City Council. Deputy Chambers also suggested that Plaintiff could relocate her lemur to a wildlife reserve or zoo, but Plaintiff declined.

The City later proposed an amendment to its City Animal Control Ordinance to prohibit individuals from keeping a vicious or an exotic animal within the city limits. The proposed amendment was discussed at the City Council meeting on October 20, 2015. Plaintiff appeared at the hearing and presented her opposition to the ordinance. The minutes from the October 20, 2015 City Council meeting summarize Plaintiff's statements to the City Council at the meeting:[1]

> The Council heard testimony from Tammy Baughman regarding incidents with her pet lemur, Keanu. Ms. Bauman described how her daughter first saw Keanu at a party, dyed hot pink and being given alcohol. Ms. Baughman stated how she paid $100.00 to the person that owned Keanu to rescue him. Ms. Baughman also stated that her lemur is a family member. Ms. Baughman stated her lemur attacked the mail carrier and described the incident that he attacked the mail carrier and a couple of incidents that led up to the attack. Ms. Baughman also described an incident where her son-in-law was injured. According to Ms. Baughman with regard to the "Lucinda incident," as quoted by Ms. Baughman, Lucinda did nothing wrong. Keanu, the lemur, ran up her arm and wrapped his arms and legs around her arm, she tried to fling him off and was harmed in doing so. Ms. Baughman then made accusations regarding Sheriff Greg Taylor and his handling of the situation[].

---

[1] *See* Defendants City of Elkhart, Texas, Mike Gordon, Billy Jack Wright, Chris Sheridan, Beverly Anderson, and Carla Sheridan's Motion for Summary Judgment, ECF 51-3, at *2.

The City Council additionally heard from Anderson County Sheriff Greg Taylor at the meeting. Sheriff Taylor noted that animals are unpredictable and recommended the enactment of the ordinance as being in the best interest of the citizens of Elkhart.[2] Councilman Andrew Chavarilla noted that the animal is now a health and safety issue because he has attacked multiple humans.[3] When asked, Plaintiff acknowledged that her lemur has never been vaccinated for rabies.[4] The City Council then voted and the ordinance passed by a majority vote. Defendant Beverly Anderson abstained from the vote and Defendant Wright voted against passage of the ordinance. All other council members voted in favor of the ordinance. These facts alleged by Defendants concerning the events leading up to and including the passage of the ordinance are supported by the Affidavit of Mike Gordon, Mayor of Defendant City Elkhart, Texas, ECF 51-2, the Anderson County Sheriff's Office Offense Report, ECF 51-8, and the minutes of the October 20, 2015 City Council meeting, ECF 51-3.

In relevant part, Ordinance 112-081307-1, approved and effective on October 26, 2015, states:

> **4.3 WILD OR VICIOUS ANIMAL:** It shall be unlawful to keep, harbor, release or allow to run at large any animal(s) as defined in Section 1.4 or 1.6 of this Ordinance.
>
> **4.4 EXOTIC ANIMALS**: It shall be unlawful to keep, harbor, release or allow to run at large any animal(s) as defined in Section 1.11 of this Ordinance.

*See* Defendants' Motion for Summary Judgment, ECF 51-5, at *4–5 (Exhibit 6). A vicious animal is defined in Section 1.6 as "[a]ny animal that commits an unprovoked attack upon a person on public or private property or that attacks, threatens to attack or terrorizes a person on public

---

[2] *Id*.
[3] *Id*.
[4] *Id*.

property or in a public place." *Id*. at *1. An exotic animal is defined in Section 1.11 as "any non-human primate, skunk, jaguar, leopard, lynx, tiger, lion, panther, bear, coyote, venomous or non-venomous reptile, or any other carnivorous wild animal or reptile. *Id*. at *2.

Some time after the ordinance was enacted, Plaintiff requested an accommodation to allow her to keep her lemur due to an emotional disability. Defendants assert that Plaintiff was provided an opportunity to present her position to City representatives, but she failed to identify a specific disability or health condition. Instead, Plaintiff described security measures she had taken to keep the lemur away from the public.[5]

Plaintiff filed a complaint against the City of Elkhart, Texas, with Housing and Urban Development on December 9, 2015, alleging that the City of Elkhart, Texas, discriminated against her by failing to make a reasonable accommodation for her disability. The Civil Rights Division of the Texas Workforce Commission ("TWC") completed an investigation and determined that there was no reasonable cause to believe that the City discriminated against Plaintiff on the basis of a disability or that a discriminatory housing practice occurred. The TWC written decision issued on April 15, 2016 concludes that the City was not unreasonable in denying Plaintiff's request for an accommodation as a result of the known history of the lemur injuring humans and the concern for the health, safety and welfare of the other citizens in Elkart.[6]

In their motion for summary judgment, Defendants assert that the ordinance was enacted as a legitimate exercise of the City's legislative power and police power. Defendants submit that passage of the ordinance did not violate Plaintiff's substantive or procedural due process rights and does not deny equal protection under the law. Defendants also argue that there is no evidence

---

[5] *See* Defendants City of Elkhart, Texas, Mike Gordon, Billy Jack Wright, Chris Sheridan, Beverly Anderson, and Carla Sheridan's Motion for Summary Judgment, ECF 51, at *6.
[6] *Id*., ECF 51-4, at *14.

showing that they engaged in a prohibited discriminatory housing practice in violation of the FHAA. Even if Defendants had taken action concerning Plaintiff's right to own, lease or occupy housing, Defendants assert that there is no evidence that Plaintiff submitted a request for a reasonable accommodation and the request would have been reasonably denied based upon the lemur's history of attacks. Finally, the individual defendants submit that they are entitled to absolute legislative immunity.

Plaintiff filed a response on March 12, 2018. Plaintiff asserts that the FHAA gives her the right to have an emotional support animal and the Fourteenth Amendment of the United States Constitution gives her a right to due process. Plaintiff attached letters from a counselor and a psychologist stating that she has a mental health disability and that the lemur is important to her mental health.[7] Plaintiff submits that these letters prove that she asked the City for a reasonable accommodation. Although she was permitted to speak at the October 20, 2015 City Council meeting, Plaintiff complains that she was given a time limit, interrupted and not permitted to bring witnesses and show evidence to defend her lemur.[8] Plaintiff asserts that no investigation was done to determine whether her lemur was provoked prior to the attacks. She submits that she has a claim pursuant to 42 U.S.C. § 1983 for the violation of her Fourteenth Amendment rights.

Defendants filed a reply on March 19, 2018. Defendants assert that Plaintiff has not submitted competent summary judgment evidence showing that there was no rational relationship between the ordinance at issue and a legitimate objective. Further, Plaintiff was provided an opportunity to speak at the City Council meeting before the ordinance was enacted and to meet with members of the City Council after the enactment concerning her request to keep her lemur. Defendants contend that Plaintiff has not established the essential elements of an ADA claim or a

---

[7] *See* Response to Motion for Summary Judgment, ECF 53-1 and 53-2.
[8] *Id.*, ECF 53, at *2.

FHAA claim. Instead of seeking an accommodation, Defendants argue that Plaintiff sought an exemption from the ordinance and implicitly acknowledged the danger the lemur presented to other citizens by offering to secure the animal and keep it from coming into contact with other individuals.

## SUMMARY JUDGMENT STANDARD

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*,

684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id*.

## ANALYSIS

### I. Legislative Immunity

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for an alleged violation of her Fourteenth Amendment rights. In the motion for summary judgment, the individual defendants assert that they are entitled to absolute legislative immunity. Plaintiff did not respond to this issue in her response to the motion for summary judgment.

Local legislators are afforded absolute immunity from civil liability pursuant to § 1983 for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 118 S.Ct. 966, 972 (1998); *Hughes v. Tarrant County Tex.*, 948 F.2d 918, 920 (5th Cir. 1991). "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.' " *Id*. (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376, 71 S.Ct. 783, 788 (1951)).

The individual defendants' actions in presenting and voting in favor of the ordinance at issue are undeniably legislative actions. *Id*. Accordingly, they are entitled to absolute judicial immunity for their conduct related to the enactment of the ordinance.

### II. § 1983 Claim Against City of Elkhart

To state a claim pursuant to § 1983, a plaintiff must show that a person acting under color of state law deprived her of a constitutional right. 42 U.S.C. § 1983; *See James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Municipalities cannot be sued under § 1983 on a theory of vicarious liability for the actions of their employees; rather, an official policy must have caused the employee to violate another's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978). Establishing municipal liability requires a showing

of: (1) a policymaker with knowledge of, (2) an official policy or custom, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

Here, Plaintiff contends that the Animal Control Ordinance violates her Fourteenth Amendment rights. All rights guaranteed by the Fourteenth Amendment are protected by § 1983. *Findeisen v. N.E. Indep. Sch. Dist.*, 749 F.2d 234, 237 (5th Cir. 1984). To the extent that Plaintiff asserts a substantive due process violation, she must "first identify a life, liberty, or property interested protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). Plaintiff must show that the City of Elkhart deprived her of a constitutionally protected interest. *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 223, 106 S.Ct. 507, 512 (1985); *see also Simi Investment Company, Inc. v. Harris County, Texas*, 236 F.3d 240, 249 (5th Cir. 2000). Defendants do not dispute that Plaintiff has a property interest in her lemur.[9]

Once a constitutionally protected property right is established, the next issue to be determined is whether a rational relationship exists between the denial of that right and a legitimate governmental interest. *Simi Inv. Co., Inc. v. Harris County, Texas*, 236 F.3d at 251 (citing *FM Prop. Operating co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996)). Stated differently, "[t]he question is only whether a rational relationship exists between the [ordinance] and a conceivable legitimate objection. If the question is at least debatable, there is no substantive due process violation." *Id*. The City of Elkhart's Animal Control Ordinance was amended following a complaint from a citizen about an injury sustained as a result of Plaintiff's lemur's conduct. The minutes from the City Council meeting to discuss the ordinance and the affidavit of the mayor

---

[9] *See* Defendants City of Elkhart, Texas, Mike Gordon, Billy Jack Wright, Chris Sheridan, Beverly Anderson, and Carla Sheridan's Motion for Summary Judgment, ECF 51, at *12.

support Defendants' assertion that the ordinance was enacted to preserve and protect the health, welfare and safety of the City's citizens. Plaintiff has not submitted any evidence to show that the ordinance was enacted for any other reason. Applying the deferential "rational basis" test, Defendants have shown a conceivable legitimate objective for the ordinance that justifies any alleged interference with Plaintiff's property rights. *See Energy Management Corp. v. City of Shreveport*, 467 F.3d 471, 481 (5th Cir. 2006); *Simi Inv. Co., Inc. v. Harris County, Texas*, 236 F.3d at 250. Plaintiff has not shown a genuine issue of material fact concerning whether the enactment of the ordinance violated her substantive due process rights.

It is unclear from the pleadings whether Plaintiff also asserts a procedural due process violation related to the enactment of the ordinance. Due process "requires that notice and an opportunity to be heard 'be granted at a meaningful time and in a meaningful manner.' " *James v. Dallas Housing Authority*, 526 Fed.Appx. 388, 392 (5th Cir. 2013) (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)). Plaintiff acknowledges that she was provided an opportunity to speak at the City Council meeting before the members considered and voted on the ordinance, although she was not permitted to present witnesses and evidence.[10] She does not dispute receiving notice of the meeting or of the proposed ordinance. On these facts, Plaintiff has not shown that she was denied notice and an opportunity to be heard before the ordinance was enacted.

Moreover, the enactment of the ordinance affects a general class of people—those with the identified animals within the city limits—and is legislative conduct, such that Plaintiff does not have procedural due process rights related to its enactment. *County Line Joint Venture v. City of Grand Prairie, Texas*, 839 F.2d 1142, 1144 (5th Cir. 1988). When a city enacts an ordinance, "which affects a general class of persons, those persons have all received procedural due process—

---

[10] *See* Response to Motion for Summary Judgment, ECF 53, at *2.

the legislative process. The challenges to such laws must be based on their substantive compatibility with constitutional guarantees." *Id.* (citing 2 R. Rotunda, J. Nowak & J. Young, *Treatises on Constitutional Law: Substance and Procedure*, § 17.8, p. 251 (1986)). Plaintiff does not have a basis for a procedural due process claim and she has not shown a genuine issue of material fact concerning whether her procedural due process rights were violated.

The Fourteenth Amendment also provides that the government may not "deny to any person within its jurisdiction the equal protection of the laws." Generally, all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254 (1985). In the context of legislation, an ordinance is presumed to be valid and will be upheld if the challenged classification drawn by the ordinance is "rationally related to a legitimate state interest." *Id.* at 440. An equal protection inquiry is only necessary when the challenged government action classifies or distinguishes between two or more relevant groups. *See Outb v. Strauss*, 11 F.3d 488, 492 (5th Cir. 1993). "[E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 313, 113 S.Ct. 2096 (1993).

The Animal Control Ordinance does not distinguish between classes of individuals or groups. It applies to all classes of citizens and does not have a disparate impact on a suspect class. As stated above, the ordinance is rationally related to the City's legitimate interest in the safety and welfare of its citizens. Plaintiff has not alleged or shown that similarly situated individuals were treated more favorably than her by Defendants. *See Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). Plaintiff has not shown a genuine issue of material fact concerning whether the ordinance violates the Equal Protection Clause of the Fourteenth Amendment.

**III. Fair Housing Amendments Act**

The FHAA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of a handicap." 42 U.S.C. § 3604(f)(2). Within two years of an alleged discriminatory housing practice, an individual may bring a civil action in federal court. 42 U.S.C. § 3613. The burden is on the plaintiff to show discrimination. *Elderhaven, Inc. v. City of Lubbock, Tex.*, 98 F.3d 175, 177 (5th Cir. 1996). Discrimination includes a "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" 42 U.S.C. § 3604(f)(3)(B). There are three theories a plaintiff may allege to establish a violation of 42 U.S.C. § 3604(f): (1) disparate treatment; (2) disparate impact; and (3) a failure to make reasonable accommodations. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 360 (6th Cir. 2015); *Gamble v. City of Escondido*, 104 F.3d 300, 304–05 (9th Cir. 1997); *Avalon Residential Care Homes, Inc. v. City of Dallas*, 130 F.Supp.2d 833, 839 (N.D.Tex. Dec. 18, 2000).

Plaintiff alleges the third theory of a violation of § 3604(f)—a failure to make a reasonable accommodation. The FHAA requires an accommodation if it is reasonable and necessary to afford an individual with a disability an equal opportunity to use and enjoy housing. *Avalon Residential Care Homes, Inc. v. City of Dallas*, 2011 WL 43599040, at *6 (citing *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 603 (4th Cir. 1997)). The analysis of the reasonableness of the requested accommodation includes weighing the legitimate purposes and effects of the ordinance against the benefits that an accommodation would provide to the disabled individual. *Id*. An accommodation that is reasonable does not place an undue burden on the governmental entity imposing the restriction. *See Elderhaven, Inc. v. City of Lubbock*, 98 F.3d 175, 178 (5th Cir.

12

1996). The crux of a reasonable accommodation claim is the element of reasonableness. *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014).

The accommodation sought by Plaintiff is an exemption from the Animal Control Ordinance such that she can keep her lemur in her home within the city limits. Plaintiff did not present evidence showing that she submitted a written request to the City asking for a reasonable accommodation. Instead, she submitted evidence to show that she sent letters to the City from her psychologist and counselor stating that her lemur is beneficial to her mental health. The parties agree that Plaintiff met with members of the City Council after the Animal Control Ordinance was enacted and that Plaintiff proposed measures that she could take to keep the lemur away from the public.

Even if the Court assumes, *arguendo*, that Plaintiff has sufficiently established a genuine issue of material fact concerning whether she requested an accommodation that is necessary for her to have an equal opportunity to use and enjoy her home, she has not shown that the requested accommodation is reasonable. Prior to the enactment of the Animal Control Ordinance, Plaintiff's lemur injured at least three people. The third injury occurred in Elkhart, and the victim lodged a complaint with the local police. That injury and legitimate citizen complaint set the events in motion that resulted in the enactment of the ordinance prohibiting exotic animals, including non-human primates, from being kept or harbored in Elkhart. Plaintiff has not presented any evidence contradicting Defendants' evidence that the ordinance was enacted due to a concern for the health, safety and welfare of the citizens of Elkhart. Plaintiff also has not presented any evidence to show that the threat of danger posed by her lemur, documented by a history of attacks, could be reduced or eliminated with an alternative option that is reasonable.

Plaintiff has not shown that the requested accommodation—an exemption from the Animal Control Ordinance—does not place an undue burden on the City of Elkhart. Reasonableness is a highly fact-specific inquiry that requires balancing the Plaintiff's needs with that of the governmental entity, but Plaintiff did not provide facts that would show that her interest in keeping her lemur outweighs the City's interest in protecting its citizens. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 362–63 (6th Cir. 2015). Plaintiff has not met her burden of raising a genuine issue of material fact concerning whether the City of Elkhart applies the Animal Control Ordinance in a manner that fails to reasonably accommodate the needs of her disability and Defendants are entitled to judgment as a matter of law.

## IV. ADA

Plaintiff additionally alleges a violation of the ADA. The ADA prohibits public entities from discriminating against individuals with disabilities, such that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In addition, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. Discrimination includes a failure to make reasonable modifications in policies or procedures that are necessary to accommodate an individual with a disability unless the modification would fundamentally alter the nature of "such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

The ADA is more restrictive than the FHAA, however, in that qualification for a reasonable accommodation concerning an animal requires an animal that is "specially trained to perform tasks directly related to a disability, contrasted with animals that have received only general training, provide only emotional support, or otherwise perform tasks not directly related to a disability." *Anderson v. City of Blue Ash*, 798 F.3d at 354. Courts have specifically held that a monkey is not a service animal because it merely provides comfort to the plaintiff, as opposed to performing day-to-day tasks related to a plaintiff's disability. *See, e.g., Newberger v. Louisiana Dept. of Wildlife and Fisheries*, 2012 WL 3579843, at *4 (E.D.La. Aug. 17, 2012); *Rose v. Springfield-Greene County Health Department*, 668 F.Supp.2d 1206, 1215 (W.D.Mo. Oct. 21, 2009).

Here, Plaintiff has not presented any evidence showing that her lemur is trained to perform tasks that benefit her in performing day-to-day tasks. To succeed on an ADA claim, there must be some evidence that sets the animal apart from an ordinary pet. *Newberger v. Louisiana Department of Wildlife and Fisheries*, 2012 WL 3579843, at *4 (citing *Baugher v. City of Ellensburg*, 2007 WL 858627 (E.D.Wash. Mar. 19, 2007)). Plaintiff has not shown a genuine issue of material fact on her ADA claim and Defendants are entitled to judgment as a matter of law.

## CONCLUSION

There are no genuine issues of material fact in this case. Defendants are entitled to judgment as a matter of law. The motion for summary judgment should be granted in its entirety. It is therefore

**ORDERED** that Defendants City of Elkhart, Texas, Mike Gordon, Billy Jack Wright, Chris Sheridan, Beverly Anderson, and Carla Sheridan's Motion for Summary Judgment (ECF 51) is **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED with prejudice**. Any motion not previously ruled on is **DENIED**.

So ORDERED and SIGNED this 27th day of March, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE